# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEborah A. GORGES** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 6:22-cv-01248** |
| v. ) | |
| ) | Removed from the District Court |
| **WALMART, INC. &** ) | of Sedgwick County, Kansas |
| **WAL-MART STORES EAST, LP,** ) | Case No.: 2022-CV-001862-TP |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walmart, Inc. Wal-Mart Stores East, LP, (hereinafter "Defendants" or "Walmart") hereby removes to the United States District Court for the District of Kansas the action styled *Deborah A. Gorges v Walmart, Inc & Wal-Mart Stores East, LP*, Case No.: 2022-CV-001862-TP, from the District Court of Sedgwick County, Kansas. Defendants state the following in support of removal:

## STATE COURT ACTION

1.   On October 3, 2022, Plaintiff Deborah A. Gorges commenced this matter by filing her Petition for Damages in the case styled *Deborah A. Gorges v Walmart, Inc & Wal-Mart Stores East, LP*, Case No.: 2022-CV-001862-TP, in the District Court of Sedgwick County, Kansas. (the "State Court Action").

2.   Plaintiff's Petition asserts allegations of negligence against Defendants, allegedly arising from a slip and fall incident that allegedly occurred on December 8, 2021, at a Walmart Store located at 10550 W. Central Avenue, Wichita, Sedgwick County, KS 67212.

3.   Defendant was served on October 7, 2022.

1

4. The Court has original diversity of citizenship jurisdiction over this civil action under 28 U.S.C. § 1332. Thus, Defendants may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

5. A true and correct copy of the Petition from the State Court Action is attached hereto as Exhibit A.

6. A true and correct copy of the court file from the State Court Action will be filed contemporaneously with this Notice.

## REMOVAL IS TIMELY

7. A Notice of Removal must be filed within 30 days of the defendant receiving a copy of an initial pleading "through service or otherwise." 28 U.S.C. § 1446(b).

8. As mentioned, Defendants were served with notice of Plaintiff's Petition on October 7, 2022.

9. This Notice of Removal is being filed on or before November 6, 2022. Thus, removal is timely.

## VENUE REQUIREMENT IS MET

10. Venue is proper under 28 U.S.C. § 1391(b)(2) in that this Court is the United States District Court in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## DIVERSITY JURISDICTION EXISTS

### Plaintiff Deborah A. Gorges

11. Upon information and belief, Plaintiff is a citizen of the State of Kansas.

**Defendant Walmart, Inc.**

12. Walmart, Inc. is a corporation, meaning it is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Walmart is incorporated in the State of Delaware and has its principal place of business in the State of Arkansas. Because Walmart is neither incorporated nor has its principal place of business in the State of Kansas, it is not a citizen of the State of Kansas.

**Defendant Wal-Mart Stores East, LP**

13. Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of the State of Delaware; and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Kansas and is neither a citizen nor a resident of the State of Kansas.

   a) WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner, are the sole partners comprising Walmart Stores East, LP.

   b) WSE Management, LLC, at the time this action was commenced and ever since, has been and is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas and is neither a citizen nor a resident of the State of Kansas.

   c) WSE Investment, LLC, at the time this action was commenced and ever since, has been and is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of

business in the State of Arkansas and is neither a citizen nor a resident of the State of Kansas.

d) The sole member of both WSE Management, LLC and WSE Investment, LLC, at the time this action was commenced and ever since, has been and is Wal-Mart Stores East, LLC.

e) Wal-Mart Stores East, LLC, at the time this action was commenced and ever since, has been and is a limited liability company organized and existing under the laws of the State of Arkansas with its principal place of business in the State of Arkansas, not having its chief and principal office and place of business in the State of Missouri and is neither a citizen nor a resident of the State of Kansas.

f) The sole member of Wal-Mart Stores East, LLC is Walmart Inc., an entity incorporated under the laws of the State of Delaware; with its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Kansas and is neither a citizen nor a resident of the State of Kansas.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . .." 28 U.S.C. § 1332(a). A district court has subject matter jurisdiction in a diversity case when "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "The amount in controversy is determined by the complaint, if dispositive." *Freebird, Inc. v. Merit Energy Co.*, 597 F. Supp. 2d 1245, 1247 (D. Kan. 2009). "In Kansas, a plaintiff may only

4

generically assert damages exceeding $75,000 in lieu of a specific amount if he or she actually seeks damages exceeding $75,000." *Lafferty v. Liberty Mut. Ins. Co.*, No. CV 20-2485-KHV, 2020 WL 6708629, at *2 (D. Kan. Nov. 16, 2020) (finding jurisdictional amount was satisfied when the plaintiff's state court petition alleged that he was seeking "damages exceeding $75,000"). Kan. Stat. Ann. § 60-208(a)(2) provides that "[e]xcept in contract actions, every pleading demanding relief for money damages in excess of $75,000, without demanding a specific amount of money, must state only that the amount sought as damages is in excess of $75,000." On the other hand, if the plaintiff is seeking $75,000 in damages or less, the plaintiff "must specify the amount sought as damages." *Id.*

14. Plaintiff's Petition explicitly "prays for judgment against Defendant Walmart, Inc and Wal-Mart Stores East, LP, in an amount in excess of $75,000." *See* Petition, WHEREFORE clause following ¶ 14. Based on the face of Plaintiff's Petition and her explicit prayer for judgment in excess of $75,000, the jurisdictional amount is satisfied.

## **REMOVAL IS PROPER**

15. Removal is proper in that: (i) this action is a civil action pending within the jurisdiction of the District Court of Sedgwick County, Kansas; (ii) this action could have been brought in federal court; and (iii) the parties are completely diverse; and (iv) the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1441 and 1446.

16. The United States District Court for the District of Kansas is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## FILING OF REMOVAL PAPERS

17. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Sedgwick County, Kansas as required by 28 U.S.C. § 1446(d).

## DESIGNATION OF PLACE OF TRIAL

18. Defendant hereby designates Wichita, Kansas as the place for trial.

## CONCLUSION

WHEREFORE, Defendants Walmart, Inc. and Wal-Mart Stores East, LP, hereby remove the above-captioned action from the District Court of Sedgwick County, Kansas, and requests that further proceedings be conducted in this Court as provided by law.

DATED: October 28, 2022

Respectfully submitted,

*/s/ Karen J. Halbrook*
Karen J. Halbrook (KS #14299)
David M. Buffo (KS #21399)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: khalbook@halbrookwoodlaw.com
E-MAIL: dbuffo@halbrookwoodlaw.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of October 2022, the foregoing was electronically filed with the Clerk of the Court via the Court's e-filing system which sends notification to:

Mathias E. Cook  (KS #28644)
Sean C. Brennan  (KS #19915)
KING, BRENNAN & ALBIN, LLC
833 N. Waco Avenue
Wichita, Kansas 67203
Telephone: 316-263-0505
Facsimile: 316-263-2128
Email: mcrook@kbafirm.com
Email: sbrennan@kbafirm.com

**ATTORNEYS FOR PLAINTIFF**

/s/ *Karen J. Halbrook*
ATTORNEY FOR DEFENDANTS